# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES E. CONNELL,<br><br>       Plaintiff,<br>v.<br><br>STATE OF WISCONSIN, STATE OF ARIZONA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF DELAWARE, STATE OF GEORGIA, STATE OF MARYLAND, STATE OF MICHIGAN, COMMONWEALTH OF PENNSYLVANIA, and STATE OF VERMONT,<br><br>       Defendants. | Case No. 19-CV-728-JPS<br><br>**ORDER** |

  On May 15, 2019, Plaintiff filed this action *pro se*, alleging that the defendant states (the "States") are engaged in unconstitutional conduct. (Docket #1). He has paid the full filing fee. In this Order, the Court exercises its inherent authority to *sua sponte* screen cases that are "transparently defective" in order to "save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). This authority extends to cases in which the plaintiff has paid the filing fee. *Id*.

  Plaintiff seeks to challenge "the constitutionality of the use of a clergy-penitent privilege within State mandatory report of child abuse or neglect laws and related Rules of Evidence laws." (Docket #1 at 7). Each of the States has enacted laws requiring certain persons to report suspected child abuse. *Id.* However, each state has also provided that members of the clergy are prohibited from reporting such conduct if the information arose

in a confession or other confidential religious setting. *Id.* Plaintiff claims that this use of the clergy-penitent privilege violates the substantive due process rights of children under the Fifth Amendment, by depriving children of a vital source of protection against abusers. *Id.* He contends that the harm created by using the privilege in this way outweighs the interests in freedom of religion embodied in the States' approach to clergy abuse reporting. *Id* at 8. Plaintiff seeks declaratory judgment that the subject laws are unconstitutional. *Id.* at 9.

While the Court sympathizes with Plaintiff's goal of protecting children, this action is not viable for two reasons. First, each of the States enjoys sovereign immunity pursuant to the Eleventh Amendment. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). The States cannot, therefore, be sued in federal court without their consent. *Id.*

Second, Plaintiff lacks standing to bring his desired claim. Standing is a jurisdictional prerequisite to pursuing a lawsuit in federal court. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). To demonstrate standing, Plaintiff must show that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff alleges that the children, not himself, face harm at the prospect of allowing the clergy-penitent privilege to be applied in the mandatory reporter setting. Indeed, his only apparent connection to the subject-matter of this case is that he identified himself as "reverend" in the caption of the complaint. It appears that Plaintiff's grievance is political, rather than legal; political issues must be brought

before the legislative and executive branches of government, not the judicial.

In light of the foregoing, this action must be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge